UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
JAMAL MITCHELL                      )
                                    )
            Plaintiff,              )
                                    )
      v.                            )  Civil Action No. 05-0916 (RWR)
                                    )
UNITED STATES of AMERICA,           )
                                    )
            Defendant.              )
_____)

**MEMORANDUM OPINION**

In the above-entitled civil action, the plaintiff, Jamal Mitchell, who is proceeding *pro se*, seeks the return of the following property seized by the United States between March 2001 and August 2002: (1) cash in the amounts of $31,000, $5,962, $2,000, $732,680, $502,100, and $7,500; (2) two pieces of real property known as "Condominio Plaza Ortega Dominican Republic," and "436 Clayton Lane Alexandria Virginia"; (3) six cars, and (4) miscellaneous jewelry, computer, electronic and camera equipment.  The United States seized this property pursuant to an Order of Forfeiture order entered in a criminal proceeding against Mitchell in the Eastern District of Virginia.  *See* Order of Forfeiture, *United States v. Mitchell*, Crim. No. 02-0025 (E.D. Va. filed April 17, 2002) ("Order of Forfeiture").  Mitchell claims that the seizure of his assets was illegal because the Order of Forfeiture is invalid.  He contends that the Order of Forfeiture is invalid because the sentencing court failed to expressly incorporate it into either his criminal sentence or judgment of conviction.  Principles of *res judicata* and collateral estoppel require the dismissal of Mitchell's complaint for failure to state a claim.

## I. BACKGROUND

A.  **Mitchell's Criminal Case in the Eastern District of Virginia**

In January 2002, Jamal Mitchell was indicted in the Eastern District of Virginia for conspiracy to distribute cocaine and/or cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846, and for conspiracy to commit money laundering in violation of 18 U.S.C. § 1957. A forfeiture provision accompanied the indictment. On April 5, 2002, the United States filed a "Bill of Particulars with Respect to Forfeiture." On April 17, 2002, a jury convicted Mitchell of both counts of the indictment, and the court entered a preliminary "Order of Forfeiture." Pursuant thereto, the United States was authorized to, and did, begin to seize the property subject to forfeiture.

On July 24, 2002, the court sentenced Mitchell to 360 months imprisonment on count one and 120 months imprisonment on count 2, to run concurrently. By the time of sentencing, the United States had seized virtually all of the property subject to forfeiture. However, neither the district court nor the parties mentioned the seized property or the Order of Forfeiture at the sentencing proceeding. Nor did the district court incorporate the Order of Forfeiture into Mitchell's sentence or judgment of conviction, as required by Fed. R. Crim P. 32.2(b)(3) and 21 U.S.C. § 853(a).

Mitchell raised his first objection to the Order of Forfeiture in his direct criminal appeal. In addition to challenging his conviction and sentence, he
sought to vacate the order of forfeiture and recover the more than $2,000,000 in money and property the United States had seized on the ground that the district court's failure to incorporate the Order of Forfeiture into his sentence or judgment of conviction rendered it null and void. On

July 31, 2003, the Court of Appeals for the Fourth Circuit affirmed Mitchell's conviction and sentence and rejected Mitchell's request to vacate the Order of Forfeiture. *See United States v. Mitchell*, 70 Fed. Appx. 707 (4th Cir. 2003). Applying plain error review, the court held that Mitchell was not entitled to relief because any error was "simply a ministerial error" that did not "seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* at 715. Starting from its conclusion that at sentencing the preliminary Order of Forfeiture "became a final order pursuant to Rule 32.2(b)(3)," the court reasoned that the forfeiture count in the indictment, the filing of the bill of particulars, and the filing of a preliminary Order of Forfeiture meant that "Mitchell was on notice and had ample opportunity to challenge the forfeiture" prior to or at sentencing. *Id*. at 714. It further noted that "Mitchell ha[d] not put forth any evidence that would indicate that the more than $2,000,000 in forfeited money and property was anything other than proceeds derived from illegal drug activity." *Id*. The court also held that even if traditional harmless error review applied, "any error by the district judge was harmless." *Id*. at 715.

  Although Mitchell did not challenge the Order of Forfeiture in the district court at the time of sentencing, while his appeal was pending and after it was decided he filed several motions in the district court seeking the return of his forfeited property. First, on January 27, 2003, Mitchell filed a "Challenge to Government Seizure of Real Property which Violated Due Process." On April 1, 2003, the district court denied that motion. Then, on September 7, 2003, Mitchell sent a letter to the district court asking the court to enter an order directing the United States to return his seized personal property and documents. On November 7, 2003, Mitchell filed a motion seeking the return of property seized post trial. (The docket does not reflect that

the district court ever ruled on these motions). On February 6, 2004, Mitchell filed a motion seeking the return of the seized real property. The district court summarily denied that motion on May 5, 2004, and the court of appeals affirmed that order on November 15, 2004.[1]

B.  **Mitchell's Civil Case in the District of Columbia**

His efforts to recover his seized property having been unsuccessful in Virginia, on May 6, 2005, Mitchell filed a civil case against the United States in federal district court for the District of Columbia. His complaint (the instant case) is captioned a "Complaint for Equitable Relief," and it seeks the return all of the property seized pursuant to the Order of Forfeiture. In his complaint, he asserts that he is entitled to the return of this property because, in violation of Federal Rule of Criminal Procedure 32.2(b)(3), 18 U.S.C. § 3554, and 21 U.S.C. § 853(a), the forfeiture order was not made part of his sentence or included in the judgment of conviction. The United States has moved to dismiss on a number of grounds. For the reasons set forth below, Mitchell's complaint will be dismissed for failure to state a claim because principles of *res judicata* and collateral estoppel so require.[2]

---

[1] On January 12, 2005, Mitchell filed a section 2255 motion in the Eastern District of Virginia, which remains pending.

[2] Although the Federal Rules of Civil Procedure contemplate that *res judicata* and collateral estoppel will be raised as affirmative defenses pursuant to Federal Rule of Civil Procedure 8, courts have regularly permitted these defenses to be raised via a Rule 12(b)(6) motion to dismiss for failure to state a claim where the defense can either be established from the face of the complaint, matters fairly incorporated within it, and matters susceptible to judicial notice. *See generally* Wright, Miller & Cooper, *Federal Practice & Procedure: Jurisdiction 2d* § 4405, at 105 & n.32 (2002) and *id.* § 4405, at 18-19 & n.32 (2006 Supplement).

## II.  DISCUSSION

In its motion to dismiss, the United States argues that Mitchell's claim is "completely barred by the doctrines of *res judicata* and collateral estoppel" because "the assets Mitchell seeks to have returned were the subject of his criminal proceeding in the United States District Court for the Eastern District of Virginia, where the plaintiff previously, but unsuccessfully, raised his claim that the same assets were improperly forfeited."

A.      **Collateral Estoppel/Issue Preclusion**

"Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."  It is undisputed that there is only one "issue" in the present case – whether the Order of Forfeiture is invalid because the district court that issued it never incorporated it into Mitchell's sentence or judgment of conviction.  Mitchell argues that this issue was never "decided" in the criminal case because the court of appeals rested its affirmation of the Order of Forfeiture on the fourth prong of plain error review, holding only that any error was "simply a ministerial error" that did not "seriously affect the fairness, integrity or public reputation of judicial proceedings."  Mitchell, however, does not address the fact that the court of appeals also held that any error was "harmless."[3]  An error that is "harmless" cannot also be an error that would render an Order of Forfeiture invalid.  Thus, although phrased differently the court of appeals in Mitchell's criminal case did address and decide the issue raised by

---

[3]Only one court of appeals has held that, at least with respect to an ancillary civil proceeding, that the failure to incorporate an Order of Forfeiture into a sentence or judgment of conviction rendered that Order null and void.  *See United States v. Pease*, 331 F.3d 809 (11th Cir. 2003).

Mitchell's present complaint. Accordingly, principles of collateral estoppel bar relitigation of that issue. As there are no other issues in the case, principles of collateral estoppel also requires dismissal of the complaint.

**B.**     ***Res Judicata*/Claim Preclusion**[4]

"Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). In the instant case, Mitchell's sole claim is that the assets seized by the United States pursuant to the Order of Forfeiture entered in his criminal case in the Eastern District of Virginia were improperly forfeited because the Order of Forfeiture is invalid. However, another court has already issued a final judgment affirming the validity of the Order of Forfeiture. *See United States v. Mitchell*, 70 Fed. Appx. 707 (4th Cir. 2003) (in direct criminal appeal, refusing to vacate the Order of Forfeiture); *see also United States v. Mitchell*, 70 Fed. Appx. 548 (4th Cir. 2004) (affirming the district court's denial of Mitchell's post-conviction motion for the return of real property). Accordingly, principles of *res judicata* and collateral estoppel bar Mitchell's attempt to relitigate this claim in another setting.

### III. CONCLUSION

For the reasons stated in the foregoing opinion, the United States' motion to dismiss for failure to state a claim will be granted on the ground that principles of *res judicata* and collateral

---

[4] Contrary to the suggestion by the United States, the defense of res judicata, or claim preclusion, while having a "somewhat jurisdictional character, does not affect the subject matter jurisdiction of the district court. *SBC Commc'ns Inc. v. FCC,* 407 F.3d 1223, 1229-30 (D.C. Cir. 2005), *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 293 (2005) (citing Fed. R. Civ. P. 8(c)); *N .Y. Shipping Ass'n, Inc. v. Fed. Mar. Comm'n,* 854 F.2d, 1338, 1352 (D.C. Cir.1988)

estoppel so require.

      An accompanying Order implements the decisions announced herein.


                                                          /s/

Dated: January 16, 2007                             Louis F. Oberdorfer
                                                           UNITED STATES DISTRICT JUDGE